UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11831-RGS

NORTICIA JEANETTE COATES

v.

JP MORGAN CHASE BANK, NA.

MEMORANDUM AND ORDER
November 1, 2012

STEARNS, D.J.

BACKGROUND

On October 2, 2012, plaintiff Norticia Jeanette Coates, (Coates), who listed her residence as the Massachusetts New England Center for Homeless Veterans in Boston, Massachusetts, filed a skeletal self-prepared complaint against JP Morgan Chase Bank, NA (JP Morgan Chase Bank), of Phoenix, Arizona. Coates alleges this court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity).[1]

Coates's Complaint is not entirely coherent. She alleges the "non-payment 6 month default on federal court demand filed 3/23/2012 Defendant caused detrimental harm causing plaintiff to be homeless." Compl. at 1. She does not specify the amount in controversy in her Complaint. In her Civil Cover Sheet attached to the Complaint, she checked off the box indicating her cause of action as civil rights, prisoner civil rights, recovery on defaulted student loans, and SSID Title XVI. Civil Cover Sheet (Docket No. 1-1). She also claimed her damages to be $8,000.00 with a statutory rate of 97%. Id.

This action appears to be a re-filing of a civil action filed in the United States District Court

---

[1] This is one of seven civil actions filed by Coates on October 2, 2012. Notably, Coates was a frequent filer in the U.S. District Court for the District of Arizona before her move to Massachusetts.

for the District of Arizona. *See Coates v. JP Morgan Chase, NA, et al.*, Civil Action No. 2:12-00590-DKD. Indeed, the Complaint in this case contains the civil action number assigned in that District. In the Arizona case, United States Magistrate Judge David K. Duncan issued an Order dismissing Coates's action on June 1, 2012. See Order (Docket No. 12). That Order stated, in relevant part:

> On April 17, 2012, this Court issued a written Order which analyzed Plaintiff's Complaint and raised a number of questions about whether the Complaint demonstrated any basis for federal court jurisdiction. It appeared then to the Court that the Plaintiff was bringing this lawsuit for the purpose of either recovering $7,984.00 and/or seeking criminal prosecution against the bank Defendant for the loss of this money. Neither purpose would invoke this Court's limited jurisdiction. To make certain that the Court was not simply failing to understand what Plaintiff was seeking, the Court gave Plaintiff the opportunity to amend her complaint. Plaintiff filed an amended complaint on April 20, 2012, which again appears to set forth claims related to a "return of the stolen funds." "Complaint Amended" at p. 2. On May 21, 2012, Plaintiff filed another document captioned "Complaint Amended." This second "Complaint Amended" alleges claims for "felony harassment and threats by all parties." Doc. 11 at p. 1. Plaintiff has failed to describe any basis for federal court jurisdiction over these claims for theft of $7,984.00 nor may a civil litigant seek to initiate a criminal prosecution for "felony harassment." As explained in the Court's April 17, 2012 Order because this federal court has no jurisdiction over these matters, this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having given Plaintiff the opportunity to amend and considered fully her attempts to clarify the nature of the action she is bringing, the Court is convinced that any further attempt to amend would be futile and, accordingly, this dismissal will be without leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Order (Docket No. 12 at 1-2).

Along with the Complaint, Coates filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), a Motion Subpoena Felony Complaint (Docket No. 2), and a Notice of Default form (Docket No. 4) which included a proposed Form of Default Judgment (Docket No. 4 at 5) in the amount of $8,000.00 in principal, $8,000.00 in costs, and prejudgment interest at the rate of 97% from March 20, 2012 to September 28, 2012. Despite these asserted figures, the document reflects

the total default judgment amount sought as $8,000.00. (Docket No. 5)

DISCUSSION

    I.    <u>The Motion for Leave to Proceed *In Forma Pauperis*</u>

Upon review of Coates's financial disclosures indicating that she has no assets or income, this court finds that she lacks the $350.00 to pay the filing fee for civil actions.

Accordingly, her Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>.

    II.    <u>Preliminary Screening of the Complaint</u>

Because Coates is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2).[2] Further, in addition to the statutory screening requirements under § 1915, the Court has an independent obligation to inquire, *sua sponte,* into its subject matter jurisdiction.[3] In connection with this preliminary screening, Coates's *pro se* complaint is construed generously. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000). Even under a broad reading, however, the complaint will be dismissed for the reasons set forth below.

---

[2]This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[3]*See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action."). *See also In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

III.    Failure to Comply With Fed. R. Civ. P. 8

Coates's complaint fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). *See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004).

Here, Coates's sparse complaint fails to set forth plausible claims in accordance with Rule 8. Although she demands payment from JP Morgan Chase Bank, she fails to set forth, in any coherent fashion, the underlying factual basis for the demand. Simply put, she fails to set forth the "who, what, where, when, and why" type information necessary to state a claim upon which relief may be granted.

In light of the above, this case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This Court need not afford Coates an opportunity to cure the pleading deficiencies in the complaint, however, because it is clear that this court lacks subject matter jurisdiction over this action.

IV.     Lack of Subject Matter Jurisdiction

In her complaint, Coates asserts jurisdiction over this matter exists pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). While this court will presume, for the diversity analysis only, that the parties are diverse because Coates is a citizen of Massachusetts and JP Morgan Chase Bank is a citizen of Arizona, Coates's claimed amount in controversy clearly does not exceed $75,000.00, as required in order to establish the existence of diversity jurisdiction.

The framework for determining whether a cause of action satisfies the jurisdictional minimum was established by the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). The amount specified by the plaintiff controls for jurisdictional purposes, as long as that amount is asserted in good faith. *Id.* at 288. A court may dismiss an action for insufficiency of the amount in controversy only when, "from the face of the pleadings, it is apparent, to a legal certainty, ... that the plaintiff never was entitled to recover" a sum in excess of the jurisdictional minimum. *Id.* at 289; *accord Spielman v. Genzyme Corp.,* 251 F.3d 1, 5 (1st Cir. 2001). Determining good faith in the amount-in-controversy context includes an objective analysis: whether anyone familiar with the law applicable to this claim could objectively view the claim as being worth the jurisdictional minimum. *Jimenez Puig v. Avis Rent-a-Car Sys.*, 574 F.2d 37, 40 (1st Cir.1978).

In the Arizona litigation, Coates asserted the amount in controversy was $7,984.00. In this litigation, she asserts the amount owed is $8,000.00 plus interest. Even giving her the benefit of the doubt by considering the amount claimed in the proposed Default Judgment (*i.e.*, $8,000.00 in principal, $8,000.00 in costs, and 97% prejudgment interest from March 20, 2012 to September 28, 2012), that total does not exceed $75,000.00.

Accordingly, from the face of the pleadings it is apparent to a legal certainty that the amount

in controversy does not exceed the jurisdictional minimum. Given the prior litigation history, this court does not find it necessary to permit Coates an opportunity to demonstrate jurisdiction.

As an additional matter, the court considers that in her Civil Cover Sheet, Coates alleges her claims are based on civil rights violations. Based on her allegations, however, there are no discernible civil rights causes of action raised by the complaint; indeed there is no basis to find that JP Morgan Chase Bank is a state or federal actor (a prerequisite for general civil rights suits). She also asserts that her claim arises under Social Security law. The court deems this assertion to be clearly erroneous, as this case does not involve social security matters.

In light of this, the court cannot find that federal question jurisdiction exists under 28 U.S.C. § 1331.

Accordingly, because there is neither diversity jurisdiction nor federal question jurisdiction, this action will be <u>DISMISSED</u> *sua sponte* for lack of subject matter jurisdiction.

V.  The Motion Subpoena Felony Complaint

In her Motion Subpoena Felony Complaint (which is not entirely coherent), Coates seeks both criminal prosecution of JP Morgan Chase Bank and an Order directing it to pay monies allegedly owed to Coates.[4]

A.  The Request for Criminal Prosecution

To the extent that Coates seeks criminal proceedings to be instituted against JP Morgan Chase Bank for the failure to make payments to her, the court finds her requests to be unfounded. A private citizen, such as Coates, lacks a judicially cognizable interest in the federal prosecution or non-prosecution of another. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *accord*

---

[4]Coates's request was directed to Chief Judge Mark L. Wolf, but is a matter for this court in light of the case assignment.

*Nieves-Ramos v. Gonzalez*, 737 F. Supp. 727, 728 (D. P.R. 1990) (same). Thus, Coates does not have standing to bring a criminal action in federal court because no statute authorizes her to do so. *Kennan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*); *accord Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) *(per curiam)* (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).

Moreover, this Court lacks authority to institute criminal proceedings against JP Morgan Chase Bank based on Coates's claims. Section 547 of title 28 states, in relevant part, that "Except as otherwise provided by law, each United States attorney, within his district, shall – (1) prosecute for all offenses against the United States." 28 U.S.C. § 547 (1).

In light of the above, the request for criminal action is <u>DENIED</u>.

        B.      <u>The Request for Money to Be Paid</u>

Finally, to the extent that Coates's motion seeks *ex parte* injunctive relief in the form of an Order directing JP Morgan Chase Bank to make payment in full to her, the request is unfounded. To obtain the extraordinary remedy of preliminary injunctive relief, plaintiff must show that: (1) she will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) she is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. *Voice of The Arab World v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011); *Planned Parenthood League of Mass. v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981); *see Weaver v. Henderson*, 984, F. 2d 11, 12 (1st. 1993)*; Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop*, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part

preliminary injunction test to temporary restraining orders).  Likelihood of success on the merits is the critical element of the four-factor framework.  *Weaver*, 984 F.2d at 12.

Here, this court will not construe Coates's request as a motion for a preliminary injunction because preliminary injunctions may <u>not</u> be issued without notice to the adverse party, and the motion does not appear to have been served on the defendant.  *See* Fed. R. Civ. P. 65(a)(1).

To the extent that Coates seeks an *ex parte* restraining order, such relief may be sought pursuant to Fed. R. Civ. P. 65(b).[5]  The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders.  *Levesque v. State of Maine*, 587 F.2d 78, 80 (1st Cir. 1976); *see Butler v. Maine Sup. Jud. Ct.,* 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria).  A party seeking an *ex parte* temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion.  Fed. R. Civ. P. 65(b).  Further, the party's attorney (or the party herself, if proceeding *pro se* as here) must certify to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.  *Id.*

For all the reasons noted above (*i.e.*, the failure to plead claims in accordance with Rule 8, and the lack of subject matter jurisdiction), Coates fails to meet the requirements for either

---

[5]Rule 65(b) (1) (A) and (B) states that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or that party's attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts, made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A), (B).

preliminary injunctive relief or a Temporary Restraining Order.

Accordingly, Coates's Motion Subpoena Felony Complaint (Docket No. 3) is <u>DENIED</u> in all respects.

<u>CONCLUSION</u>

Based on the above, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2. Plaintiff's Motion Subpoena Felony Complaint (Docket No. 3) is <u>DENIED</u> in all respects; and

3. This action is <u>DISMISSED</u> in its entirety for lack of subject matter jurisdiction.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE